IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Star of Texas Fair & Rodeo** § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. | |
| § | | |
| v. § | 1:15-cv-00992 | |
| § | | |
| **El Rodeo, Inc.** § | | |
| § | JURY DEMANDED | |
| Defendant. § | | |

## COMPLAINT

### The Parties

1.  The plaintiff, Star of Texas Fair & Rodeo, is a Texas not-for-profit corporation with a principal place of business at 9100 Decker Lake Road, Austin, Texas 78724 ("STFR").

2.  Upon information and belief, Defendant El Rodeo, Inc. is a Texas corporation with a principal place of business at 2105 W. Davis Street, Suite G, Conroe, Texas 77304-2062, and whose registered agent, Ricardo Anderson, has an address of 30 South Concord Forest Circle, The Woodlands, Texas 77381 ("Defendant").

### JURISDICTION

3.  This action is brought under §§ 32, 34(d) and 43(a) of the Trademark Act of 1946 as amended (15 U.S.C. §§ 1114, 1116(d) and 1125(a), and under the common law of the State of Texas. Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. §§ 1331 and 1338 because this action, at least in part, is an action for trademark infringement and arises under the trademark laws of the United States, Title 15, United States Code. This Court has jurisdiction over any Texas state law claims under principles of pendent and ancillary jurisdiction.

4. Upon information and belief, Defendant is a Texas corporation that offers various products and/or services, which may include alcoholic beverages and/or restaurant services (the "Defendant' Products").

5. According to the Texas Secretary of State's office, Defendant is located in this judicial district. Upon information and belief, Defendant markets and sells its products and/or services to customers who reside in this judicial district and division.

6. This Court may exercise personal jurisdiction over Defendant, by virtue of Defendant's marketing and sales of commercial goods and/or services within this judicial district, and the commission of the activities complained of herein within this judicial district.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391(b) and § 1400(a) because Defendants reside in this judicial district, and because one or more of the acts complained of herein took place in this district.

## GENERAL AVERMENTS

8. STFR and its predecessor in interest, the Austin-Travis County Livestock Show & Rodeo, have used the marks RODEO AUSTIN and/or AUSTIN RODEO since at least as early as 1938 in connection with various entertainment services, as well as the serving of food and drink. On March 24, 1998, STFR's predecessor in interest filed a trademark application with the United States Patent and Trademark Office ("USPTO") for registration of AUSTIN RODEO, which was subsequently amended to RODEO AUSTIN. The registration issued on March 14, 2000. *See* printout of registration from USPTO database, attached as **Exhibit 1**.

9. STFR has since obtained various other registrations for the RODEO AUSTIN mark, for a variety of goods and services. *See* printouts from USPTO database, attached as

composite **Exhibit 2**. As a result of the longstanding usage of RODEO AUSTIN by STFR, and the widespread publicity and favorable news stories regarding STFR and its mark, the RODEO AUSTIN mark is now famous.

10. In early 2015, STFR sought to amend its corporate name from "Star of Texas Fair & Rodeo" to "Rodeo Austin." On March 18, 2015, STFR received a letter of rejection from the Office of the Texas Secretary of State. The basis for the rejection by the Texas Secretary of State's office was because Rodeo Austin, Inc. was "similar to that of an existing entity," namely, El Rodeo, Inc. *See* correspondence from Secretary of State, attached as **Exhibit 3**.

11. Defendant incorporated under the name "El Rodeo, Inc." on March 24, 2004. *See* printout from the Texas Office of the Comptroller database, attached as **Exhibit 4**. Defendant's incorporation under "El Rodeo" was (a) approximately 65 years after STFR began using "Austin Rodeo" or "Rodeo Austin," (b) six years after the filing date for STFR's first federal trademark registration, and (c) four years after the registration date for STFR's initial RODEO AUSTIN mark. Thus, as between STFR and Defendant, STFR has priority of use, as well as a prior application and registration.

12. Because of the Texas Secretary of State's findings, STFR attempted to contact Defendant by telephone and by going to Defendant's stated place of business. No one answered or responded to these attempts. Thereafter, on June 23, 2015, STFR sent a written letter to Defendant regarding STFR's prior use and registration of the RODEO AUSTIN mark, and requested consent to STFR's proposed corporate name change. *See* **Exhibit 5**. Defendant never bothered to respond to STFR's correspondence.

13. STFR has tried to resolve this matter quickly and informally with Defendant, but Defendant's failure and refusal to answer the door, return telephone calls, or respond to written

correspondence, has left STFR no choice but to assert its rights herein.

14. If the Texas Secretary of State is correct as to Rodeo Austin being "similar to" El Rodeo, and this is a sufficient basis to refuse STFR's amendment to its corporate name, then in such event, STFR has priority over Defendant by virtue of (a) STFR's prior use of Austin Rodeo and Rodeo Austin, (b) STFR's application for registration of Austin Rodeo and Rodeo Austin prior to Defendant's incorporation, and (c) the registration of STFR's RODEO AUSTIN mark prior to the incorporation of Defendant.

15. If the Texas Secretary of State is correct as to Rodeo Austin being "similar to" El Rodeo, then in such event, Defendant's use of EL RODEO will cause confusion with STFR's RODEO AUSTIN mark, and will dilute STFR's rights in and to such mark.

## COUNT I – INFRINGEMENT OF TRADEMARK

16. STFR repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Upon information and belief, if the Texas Secretary of State is correct, then Defendant has infringed, and shall continue to infringe, STFR's trademark, causing irreparable injury, the full extent of which cannot presently be determined. Unless Defendant is enjoined by the Court, the irreparable injury to STFR shall continue.

## COUNT II - UNFAIR COMPETITION (COMMON LAW)

18. STFR repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. Upon information and belief, if the Texas Secretary of State is correct, then in such event, Defendant has traded upon and appropriated the reputation and valuable good will of

4

STFR and has acted to create a likelihood of confusion and mistake on the part of the purchasing public as to the source of Defendant's goods and/or services.

20. Upon information and belief, if the Texas Secretary of State is correct, Defendant's acts are likely to lead the public mistakenly to the belief that Defendant's goods and/or services are in some way sponsored by, or associated with, STFR, and/or create the impression that Defendant's and STFR's goods and/or services are distributed under the same corporate aegis and authority.

21. Upon information and belief, Defendant' activities constitute unfair competition and a misappropriation and infringement of STFR's common law trademark rights, and have caused and will continue to cause irreparable injury to STFR unless enjoined by this Court.

## COUNT III - UNFAIR BUSINESS PRACTICES AND MISAPPROPRIATION OF BUSINESS AND/OR TRADE VALUE

22. STFR hereby repeats the allegations of paragraphs 1-21 above as if fully set forth herein.

23. Upon information and belief, the products and services offered by STFR under the RODEO AUSTIN mark, and the goodwill therein, constitute a tangible and/or intangible trade value.

24. Upon information and belief, the Defendant has attempted to appropriate, and have appropriated, STFR's tangible and/or intangible trade values, and the goodwill therein, by the means set forth in the incorporated paragraphs above.

25. Upon information and belief, Defendant' appropriation of STFR's tangible and/or intangible trade values, and the goodwill therein, by the means set forth in the incorporated paragraphs above, has directly and proximately caused harm to the commercial relations of

STFR.

26. Upon information and belief, and in the alternative, the actions of Defendant, as set forth in the paragraphs incorporated herein, constitute unfair business practices which have directly and proximately caused damages to STFR and harm to STFR's commercial relations.

### COUNT IV - UNFAIR COMPETITION (MISAPPROPRIATION)

27. STFR hereby repeats the allegations of paragraphs 1-26 above as if fully set forth herein.

28. STFR has invested extensive time, labor, skill, money, and resources in the RODEO AUSTIN mark, and the goods and services offered thereunder.

29. Upon information and belief, if the Texas Secretary of State is correct, Defendant has misappropriated STFR's mark, and is offering confusingly similar products and/or services to those offered by STFR under its mark, thereby enabling Defendant to gain a special advantage in any competition between the parties.

30. Upon information and belief, Defendant's copying and misappropriation has commercially damaged STFR.

31. The acts of Defendant complained of above constitute unfair competition and misappropriation actionable under the common law of the State of Texas.

### COUNT V – DILUTION (BLURRING)

32. STFR hereby repeats the allegations of paragraphs 1-31 above as if fully set forth herein.

33. The RODEO AUSTIN mark has been in use for many years and has achieved enormous and widespread public recognition, and is famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

34. Upon information and belief, Defendant's use of "El Rodeo" is diluting the distinctive quality of the RODEO AUSTIN mark and is decreasing the capacity of the mark to identify and distinguish STFR's products and services. Upon information and belief, Defendant is causing dilution by blurring by creating a likelihood of association, and is likely to impair the distinctiveness of STFR's mark, and thereby damaging STFR.

## JURY DEMAND

35. STFR demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, STFR prays for judgment jointly and severally against Defendant, and for relief including:

A. Upon proper application, a preliminary and/or permanent injunction enjoining Defendant against continuation of the illegal acts recited above.

B. An accounting for and an award of the profits earned by Defendant as a result of Defendant's illegal acts and the damages suffered by STFR as a result of Defendant's illegal acts.

C. An award of damages, treble damages, and an award of punitive or exemplary damages.

D. A finding that this case is exceptional, and an award of costs and reasonable attorneys' fees.

E. An award or pre- and post-judgment interest.

F. All other relief as the Court may deem just.

Respectfully submitted,


/s/ Dwayne K. Goetzel
Dwayne K. Goetzel
Texas Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
Meyertons, Hood, Kivlin,
  Kowert & Goetzel, P.C.
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
STAR OF TEXAS FAIR & RODEO**